

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Toolasprashad v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Toolasprashad v. Wright" (2007). *2007 Decisions.* Paper 562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3784
_____

LATCHMIE TOOLASPRASHAD,

Appellant

v.

ROBERT WRIGHT, Material Handler Supervisor;
DENNIS KNEIBHLER, Material Handler Supervisor;
JEFFREY CREMER, Material Handler Supervisor;
CAROL MORTON, Inmate Services Supervisor;
TOM BLUMM, Central Warehouse Supervisor;
JIM GLEASON, Central Warehouse Supervisor;
C. J. DEROSA, Warden, FCI-Ft. Dix;
JOSE CURBELO, Counselor; T. K. COZZA, Unit Manager;
DAVID STEELE, Counselor; DARA, (Last Name Unknown),
Legal Department; ADMINISTRATIVE REMEDY COORDINATOR;
BANCI TEWOLDE, Administrative Remedy Coordinator; DAVIS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05473)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 17, 2007
Before:   RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed August 21, 2007)
_____

OPINION
_____

PER CURIAM

Latchmie Toolasprashad appeals the District Court's orders granting appellees'
motion for summary judgment. The procedural history of this case and the details of
Toolasprashad's claims are well-known to the parties, set forth in the District Court's
opinions, and need not be discussed at length. Briefly, Toolasprashad filed a civil rights
complaint against several prison officials. By order entered December 23, 2005, the
District Court granted appellees' motion for summary judgment. By order entered
August 8, 2006, the District Court granted Toolasprashad's motion for reconsideration
with respect to his argument that he had exhausted his administrative remedies on his
retaliation and conspiracy claims. The District Court then addressed the merits of those
claims and concluded that appellees were entitled to summary judgment on those claims.
Toolasprashad filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. §
1291.

We exercise plenary review over the District Court's order granting appellees'
motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir.
1998). A grant of summary judgment will be affirmed if our review reveals that "there is
no genuine issue as to any material fact and that the moving party is entitled to judgment
as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable
to the party against whom summary judgment was entered. See Coolspring Stone Supply,
Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

On appeal, Toolasprashad challenges the District Court decisions with respect to

2

his claims concerning the working conditions in the commissary. We agree with the District Court that the conditions in the commissary, while perhaps uncomfortable, did not rise to the level of an Eighth Amendment violation. Toolasprashad also argues that his transfer from the commissary department was in retaliation for his filing grievances against the officers who supervised the commissary. For a claim of retaliation, a prisoner must show that a prison official took an adverse action against him and that his constitutionally protected conduct was a substantial or motivating factor. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). However, prison officials may prevail by demonstrating that they would have made the same decision regardless of the protected conduct for reasons related to a legitimate penological interest. Id. at 334. We agree with the District Court that appellees were entitled to summary judgment on Toolasprashad's claim that he was transferred from his job in retaliation for filing grievances.

For the essentially the reasons set forth by the District Court in its opinions, we will affirm the District Court's judgment. Appellees' motion to proceed on the original record is granted.

3